**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

STATE OF MARYLAND,

     Plaintiff,

  v.

TODD M. LYONS, *ET AL.*,

     Defendants.

Case No. 1:26-cv-01024-JRR

**DEFENDANTS' MOTION TO DEFER BRIEFING ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION
OF DEFENDANTS' FORTHCOMING MOTION TO DISMISS**

Defendants respectfully move the Court to defer briefing on Plaintiff's Motion for Summary Judgment pending a ruling on Defendants' forthcoming motion to dismiss. Defendants' response to the Complaint and its response to Plaintiff's Motion for Summary Judgment (ECF No. 6) are currently due on May 11, 2026. *See* ECF No. 11.  As Defendants' motion to dismiss may dispose of this case entirely, allowing briefing to proceed on summary judgment prior to determination of the legal sufficiency of the Complaint would be inefficient, premature, and likely unnecessary.

Accordingly, Defendants respectfully request that the Court defer briefing on Plaintiff's Motion for Summary Judgment and set deadlines for Defendants' response to Plaintiff's Motion for Summary Judgment and Defendants' cross motion for summary judgment after ruling on Defendants' motion to dismiss. Pursuant to Local Rule 105.9, undersigned counsel has conferred with counsel for Plaintiff, Yasmin Dagne, who indicated that Plaintiff opposes the relief requested

in the instant Motion and intends to file a response within forty-eight hours of Defendant's filing. The instant motion is for good cause and will not prejudice either party and is based on the following.

**Background**

On March 10, 2026, the State of Maryland filed the instant Administrative Procedures Act ("APA") action to obtain documents and records from U.S. Immigration and Customs Enforcement ("ICE") and the U.S. Department of Homeland Security ("DHS") which the Maryland Office of the Attorney General ("OAG") had sought through a subpoena and *Touhy* request in connection with its Civil Rights investigation into ICE's treatment of immigration detainees at the George H. Fallon Federal Building in Baltimore, Maryland. ECF No. 1 ("Complaint"). According to the State of Maryland's subpoena, the State's Civil Rights investigation is premised on one Maryland state statute-- Md. Code Ann. State Gov't § 20-1044(b). The *Touhy* letter that accompanied the State's subpoena also referenced Md. Code Ann. State Gov't § 20-1044(b) but additionally referenced another Maryland statute-- Md. Code Ann. State Gov't § 6.106.1.

As Defendants were served with the Complaint on March 12, 2026, they have until May 11, 2026 to file an answer to the Complaint. *See* Fed. R. Civ. P. 12(a)(2). On March 26, 2026, prior to Defendants' answer, Plaintiff filed its Motion for Summary Judgment. ECF No. 6. On April 7, 2026, Defendants filed their Motion to Extend Time to File a Response to Plaintiff's Motion for Summary Judgment (ECF No. 9), which Plaintiff opposed (ECF No. 10). On April 8, 2026, this Court granted Defendants' Motion, extending the time for Defendant to file its response to Plaintiff's Motion for Summary Judgment until May 11, 2026, the due date for Defendants' answer

to the Complaint. ECF No. 11.

Defendants intend to file a motion to dismiss that will address jurisdictional defects in the Complaint. Defendants' motion will address whether Md. Code Ann. State Gov't § 20-1044(b) provided authority for Maryland to issue the administrative subpoena in question to the federal government and, consequently, whether the subpoena, Md. Code Ann. State Gov't § 20-1044(b) or Md. Code Ann. State Gov't § 6-106.1, which was cited in the *Touhy* letter, provides Plaintiff standing to bring this action under the APA.

### Discussion

**Good Cause Exists To Stay Briefing On Plaintiff's Motion for Summary Judgment Pending Resolution Of Defendants' Forthcoming Motion to Dismiss**

Courts have inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "It is well-established that district courts have 'broad discretion' to manage their dockets . . . and establish deadlines for filing motions and a schedule for their disposition in order to 'secure the just, speedy, and inexpensive determination of every action' in a manner that efficiently and effectively conserves judicial resources." *Wright v. Maryland Judiciary*, No. CV 25-4220-BAH, 2026 WL 785012, at *4 (D. Md. Mar. 20, 2026), *citing Jackson v. Dickens*, No. 5:25-CV-00534, 2026 WL 579576, at *13 (S.D. W. Va. Mar. 2, 2026). In particular, when two parties present two motions, and both parties wish to have their motion heard, the court is permitted to consider first the motion that "addresses a specific and narrow issue," rather than the motion that "encompass[es] issues far broader." *United States v. Western Elec. Co.,* 158 F.R.D. 211, 220 (D.D.C. 1994), aff'd, 46 F.3d at 1207 n.7. In the instant case, the fundamental jurisdictional issues that will be raised in the Defendants' motion to dismiss, as well as interests of

efficiency and judicial economy, make it appropriate for the Court to exercise its discretion to resolve Defendants' forthcoming motion to dismiss before considering Plaintiff's Motion for Summary Judgment.

Defendants' motion to dismiss will raise threshold questions concerning whether Plaintiff has standing to bring its claims and whether the Complaint otherwise falls within the Court's constitutional and statutory jurisdiction. These questions should be resolved before any proceedings on the merits. *See Modanlo v. Rose*, No. PWG-17-2544, 2018 WL 3219816, at *1 (D. Md. July 2, 2018) ("[T]he first and fundamental question is that of jurisdiction") (citations omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).

Because Defendants' motion to dismiss will request relief that would potentially put an end to the litigation, requiring the parties and the Court to address Plaintiff's Summary Judgment Motion at this time, including the preparation of opposition papers and argument, would result in a waste of the Court's and the parties' resources. For this and related reasons, courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See e.g., Ashe v. Price*, No. CV PJM 16-3423, 2017 WL 3172776, at *3, n. 6 (D. Md. July 26, 2017) (noting that prior to the filing of the government's motion to dismiss, the Court stayed briefing on plaintiff's motion for summary judgment until after the resolution of the government's then-forthcoming motion to dismiss); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. Feb. 27, 2013) ("Not needing more lawyers to spend more time on more

briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing]"); *Daniels v. United States*, 947 F.Supp.2d. 11, 15 (D.D.C. May 30, 2013) (noting that district court stayed briefing on summary judgment pending its ruling on motion to dismiss).

It is particularly appropriate to defer summary judgment briefing pending the resolution of Defendants' forthcoming motion to dismiss here. First, as mentioned *supra*, the resolution of Defendants' motion to dismiss may dispose of this case in its entirety. At a minimum, however, the Court's ruling on the motion to dismiss would narrow the issues remaining in this litigation. Second, should Defendants' motion to dismiss not entirely dispose of the litigation, Defendants should be afforded the opportunity to consider whether additional facts should be elicited through jurisdictional discovery before responding to Plaintiff's Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d). Third, because Plaintiff's challenge is brought under the APA, if this case were to proceed to the merits, it would necessitate the review of the administrative record which has not yet been compiled or filed in this case. In light of the foregoing, Defendants should not be forced to choose between undertaking potentially unnecessary discovery (should the Court grant its motion to dismiss) and relinquishing their right to do so (should the Court not entirely dismiss the Complaint). Similarly, Defendants should not be forced to brief summary judgment at this time without the benefit of the administrative record. Thus, requiring Defendants to respond to Plaintiff's Motion for Summary Judgment before the Court has ruled on Defendants' forthcoming motion to dismiss would result in prejudice to Defendants. In contrast, Plaintiff cannot allege prejudice from the Court's deferral of its Motion for Summary Judgment in order to first consider threshold jurisdictional issues. Without standing to bring their claims, Plaintiff's cannot assert

legally cognizable prejudice.

In sum, because this Court has an obligation to examine its own jurisdiction before proceeding to the merits of this case, the Court should defer briefing on summary judgment until the resolution of Defendants' forthcoming motion to dismiss.

WHEREFORE, Defendants respectfully request that the Court defer briefing on Plaintiff's Motion for Summary Judgment until it has ruled on Defendants' forthcoming motion to dismiss.


Respectfully submitted,                    Date: April 27, 2026


KELLY O. HAYES
United States Attorney


*S. Nicole Nardone*
S. Nicole Nardone
Assistant United States Attorney
United States Attorney's Office, District of Maryland
36 South Charles Street, Fourth Floor
Baltimore, Maryland, 21201
Telephone: (410) 209-4882
Nicole.Nardone@usdoj.gov

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of April, 2026, a copy of the foregoing was served via ECF/PACER on all parties that have entered an appearance in this matter.


                    */s/ S. Nicole Nardone*
                    *S. Nicole Nardone*