**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>DAVID VENTURELLA, *et al.*,<br><br>Defendants. | Civ. No. 1:26-cv-01024-JRR |

**PLAINTIFF'S SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff files this surreply to address Defendants' argument—raised for the first time in their reply brief—that Defendants and their contractors are immune from the State's subpoena because "the plain effect of the subpoena would be to interfere with a federal operation on federal property." Defs.' Reply at 12, ECF 21. In support of that argument, Defendants cite various cases that struck down "state regulation[s] that purport[ed] to override the federal government's decisions about who will carry out federal functions." *E.g.*, *Geo Grp. v. Newsom*, 50 F.4th 745, 750 (9th Cir. 2022) (en banc) (California law which "prevent[ed] ICE's contractors from continuing to run detention facilities" impermissibly "overr[ode] the federal government's decision . . . to use private contractors to run its immigration detention facilities"); *see also CoreCivic, Inc. v. Gov'r of New Jersey*, 145 F.4th 315, 319 (3d Cir. 2025) (New Jersey law "with the 'intent' to forbid new contracts for civil immigration detention . . . interfere[d] with the federal government's core power to enforce immigration laws"); *United States v. King County*, 122 F.4th 740, 756 (9th Cir. 2024) (County Executive Order that "prevent[ed] ICE from using private [ ]

contractors at Boeing Field" in Seattle violated intergovernmental immunity by "improperly regulat[ing] the way in which the federal government transports noncitizen detainees"). None of those cases, however, concerned laws that simply required federal agencies or contractors to provide information to State investigators. To the contrary, courts have made clear that "mere collection of such factual data does not (and cannot) disturb any federal arrest or detention decision." *United States v. California*, 921 F.3d 865, 885 (9th Cir. 2019); *see also Geo Grp. v. Inslee*, 151 F.4th 1107, 1114–18 (9th Cir. 2025) (Washington law providing that State agencies "shall . . . [c]onduct routine, unannounced inspections of private detention facilities" and "[c]onduct investigations of complaints received" did not "prevent ICE's contractors from continuing to run detention facilities" and therefore "d[id] not directly regulate the federal government") (quoting *Newsom*, 50 F.4th at 750); *County of San Diego v. U.S. Dep't of Homeland Sec.*, No. 3:26-CV-1520, 2026 WL 1595979, at *2 (S.D. Cal. June 3, 2026) (directing ICE and its private contractor to permit a health and safety inspection of a detention facility).

Here, too, "[t]he Attorney General's power to conduct investigations related to state law enforcement . . . does not . . . in any way constitute[] an obstacle to the federal government's enforcement of its immigration laws or detention scheme." *See California*, 921 F.3d at 885 (internal quotation marks and quotations omitted). The State merely seeks information as expressly permitted by Defendants' own *Touhy* regulations. 6 C.F.R. §§ 5.41(a)(2), 5.45(a). Moreover, the actions being investigated would, if confirmed, appear to violate ICE's own detention standards, *see* Mem. Supp. Pls.' Mot. Summ. J. at 18–19, ECF 6-1; Pls.' Reply Mem. at 24, ECF 17, and include conduct that this Court already has deemed likely to violate the U.S. Constitution, *see D.N.N. v. Liggins*, 822 F. Supp. 3d 543, 590–96 (D. Md. 2026). Defendants can hardly claim that it would impede their legitimate activities to provide information that could bring

serious constitutional violations to light. *See* 6 C.F.R. § 5.48(a)(3) (listing "[t]he public interest" as one of the factors Defendants "shall consider" in deciding whether to comply with a *Touhy* request). Therefore, intergovernmental immunity is not implicated, nor is preemption, and this Court should reject Defendants' belated argument that these doctrines excuse Defendants from responding to the State's *Touhy* request.

Dated: June 18, 2026

**ANTHONY G. BROWN**
ATTORNEY GENERAL OF MARYLAND

*/s/ Keith M. Jamieson*

Keith M. Jamieson (D. Md. Bar No. 31543)
Yasmin Dagne (D. Md. Bar No. 32016)
Adam Kirschner (D. Md. Bar No. 31767)

Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
kjamieson@oag.maryland.gov
(410) 576-6960

*Counsel for the State of Maryland*